```
     IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF NORTH CAROLINA
               CHARLOTTE DIVISION
                 3:05CV284-MU-02
```

```
ERVIN L. STREATER,        )
     Petitioner,          )
                          )
          v.              )         ORDER
                          )
THEODIS BECK, Secretary   )
  Of The N.C. Department  )
  Of Corrections,         )
     Respondent.          )
_____)
```

**THIS MATTER** comes before the Court on the petitioner's Petition for a Writ of Habeas Corpus, filed June 17, 2005; on the respondent's "Motion For Summary Judgment And Answer . . . ," filed . . ," filed July 11, 2005; and on the petitioner's so-called "Motion and Cross Response For Summary Judgment . . . ," filed August 10, 2005.

For the reasons stated herein, the petitioner's de facto cross Motion for Summary Judgment will be denied; the respondent's Motion for Summary Judgment will be granted; and the instant Petition will be dismissed as untimely filed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the records submitted by the parties, on September 22, 2003, the petitioner pled guilty to charges of Breaking or Entering a Motor Vehicle, and to achieving the status

of Habitual Felon.  Consequently, pursuant to the terms of the petitioner's plea agreement with the State, the Superior Court of Union County sentenced him to a total term of 80 to 105 months imprisonment, that is, to the lowest mitigated sentence which he could have received by virtue of his criminal record.  The petitioner did <u>not</u> directly appeal either his conviction or sentence.

Rather, after waiting more than a year from the time that his sentence was imposed, on January 4, 2005, the petitioner filed a Motion for Appropriate Relief ("MAR" hereafter) in the Superior Court of Union County.  In his MAR, the petitioner argued that his former defense counsel was ineffective: (1) for having "conducted inadequate legal and factual research . . . of [his] case"; (2) for having advised him to plead guilty; (3) for having failed to challenge his Habitual Felon sentence; and (4) for having failed to give him "accurate and complete information at the plea bargaining stage . . . ."  In addition, the petitioner alleged that counsel had a conflict of interest about which the trial court failed adequately to inquire.

Not surprisingly, by an Order filed January 31, 2005, the Superior Court denied the petitioner's MAR based upon its conclusions--"as a matter of law"--that the petitioner had "freely, voluntarily, knowingly, intelligently and understandingly" entered his guilty pleas and waived his right to a jury trial, and that he had received the effective assistance of counsel to which he was

entitled. Thereafter, the petitioner's pro-se Petition for a Writ of Certiorari was denied by the North Carolina Court of Appeals on March 16, 2005; and his Petition for Discretionary Review was dismissed by the State Supreme Court on May 4, 2005.

Apparently undaunted by his lack of success, on June 17, 2005, the petitioner came to federal Court and filed the instant Petition for habeas corpus relief. Once again, the petitioner alleges that he was subjected to ineffective assistance of counsel; and that he and counsel had a conflict of interest. Further, the petitioner also alleges that his case is subject to reversal because his Transcript of Plea form was not signed in open court; and that the trial court gave him erroneous advice. Nevertheless, inasmuch as the petitioner has brought this Petition outside the applicable one-year statute of limitations and he has failed to demonstrate that his untimeliness should be excused, the instant Petition must be summarily dismissed.

## II.  ANALYSIS

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review:

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

© the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

However, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As was noted above, the petitioner was convicted and sentenced on September 22, 2003, and he did not directly appeal either of those matters. Therefore, even when giving the petitioner the benefit of all conceivable favorable calculations, based upon the relevant legal precedent, this Court must conclude that his conviction and sentence became final no later than October 6, 2003--that is, at the expiration of the brief period during which he could have (but did not) properly file a direct appeal. See N.C.R.App.P. 4(a)(2) (providing a 14-day period for filing of a notice of appeal). Ultimately, then, in the absence of any intervening circumstances, the petitioner had up to and including

October 6, 2004 in which to file the instant habeas Petition. See Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); and Harris v. Hutchinson, 209 F.3 325, 328 (4th Cir. 2000) (same); see also 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Obviously, the petitioner did not file the instant Petition by such October 2004 deadline.

Instead, after allowing more than 14 months to pass after the entry of his Judgment, on January 4, 2005, the petitioner began his pursuit of collateral review in State court. Unfortunately for the petitioner, however, his federal limitations period already had fully expired by that time. Thus, because it is well settled that a subsequently filed motion or petition for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period, the petitioner's pursuit of State collateral review simply came too little too late. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period).

Moreover, although this Court entered its standard Roseboro Order, advising the petitioner that the respondent might be entitled to a summary judgment based, inter alia, upon his

contention that the petitioner's Petition was time-barred, the petitioner still has failed to present an evidentiary forecast which is sufficient to overcome the respondent's preview. Indeed, the petitioner does not even deny that his Petition is untimely.

Instead, the petitioner has focused his efforts on explaining why the Petition was delayed. That is, the petitioner reports that he is a lay man who could not afford to hire an attorney; that the N.C. Department of Corrections does not provide inmates with law libraries; that the N.C. Prisoner Legal Services agency is too under-staffed and under-funded to assist more than 3% of the inmate population; that he has been forced to proceed with this habeas proceeding with only the assistance of fellow inmates; and that he has had great difficulty in bringing the subject claims. Consequently, it appears that the petitioner is suggesting--albeit without actually stating--that his one-year deadline should be equitably tolled based upon the foregoing matters.

Equitable tolling of the AEDPA statute of limitations is only allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 541 U.S. 905 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (same). However, as the respondent correctly has noted, assertions that an inmate could not obtain assistance from an attorney and/or that

N.C. Prisoner Legal Services failed or refused to assist him in the preparation and presentation of his federal habeas petition are woefully insufficient to justify equitable tolling. See Mackall v. Angelone, 131 F.3d 442 (4th Cir) (ultimately noting that there is no constitutional entitlement to the assistance of counsel in collateral post-conviction proceedings such as this), cert. denied, 522 U.S. 1100 (1998); and Dockery v. Beck, 1:02CV70 (M.D.N.C. Aug. 1, 2002) (assertion that an inmate missed the one-year deadline while waiting for assistance from N.C. Prisoner Legal Services is not sufficient to support equitable tolling).

### III. CONCLUSION

The petitioner's Petition was filed far outside of the one-year limitations period, and he has failed to establish a basis for the equitable tolling of that deadline. Accordingly, the petitioner's Petition is time-barred; and so the respondent's Motion for Summary Judgment must be granted.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's cross Motion for Summary Judgment is **DENIED;**

2. That the respondent's Motion for Summary Judgment is **GRANTED;** and

3. That the petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: July 6, 2006

Graham C. Mullen
United States District Judge